|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **McMANIMON, SCOTLAND & BAUMANN, LLC**<br>75 Livingston Avenue, Second Floor<br>Roseland, NJ 07068<br>(973) 622-1800<br>Anthony Sodono, III (asodono@msbnj.com)<br>Sari B. Placona (splacona@msbnj.com)<br>*Proposed Counsel for PishPosh, Inc., the Chapter 11*<br>*Debtor and Debtor-in-Possession* | **Order Filed on June 12, 2025**<br>**by Clerk**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey** |
| In re:<br><br>PISHPOSH, INC.,<br><br>      Debtor. | Chapter 11<br><br>Case No. 25-15424 (CMG) |

**INTERIM ORDER AUTHORIZING DEBTOR TO CONTINUE USING**
**EXISTING BANK ACCOUNTS AND BUSINESS FORMS**

  The relief set forth on the following pages, two (2) through six (6), is hereby **ORDERED**.

**DATED: June 12, 2025**

*/s/ Christine M. Gravelle*
Honorable Christine M. Gravelle, Chief Judge
United States Bankruptcy Judge

(Page 2)
Debtor: PishPosh, Inc.
Case Numbers: 25-15424 (CMG)
Caption of Order: Interim Order Authorizing Debtor to Continue Using Existing Bank Accounts and Business Forms

Upon the Motion of PishPosh, Inc. (the "Debtor"), the Chapter 11 Debtor and Debtor-in-Possession, by and through its counsel, McManimon, Scotland & Baumann, LLC, seeks entry of this Interim Order for authority to continue to use its existing Bank Accounts,[1] cash management system, and Business Forms pursuant to sections 105(a) and 363(c) of title 11 of the United States Code (the "Bankruptcy Code") (the "Motion"); and it appearing that the Court has jurisdiction over this matter; and it appearing that sufficient cause exists for the relief set forth herein; and notice of the Motion being good and sufficient and no further notice of the relief requested in the Motion is required; and after due deliberation and cause appearing therefor;

**IT IS HEREBY ORDERED that:**

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on July 8, 2025, at 2:00 p.m., prevailing Eastern Time. Objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on July 1, 2025. If no objections are filed to the Motion, this Court may enter an order approving the relief requested in the Motion on a final basis without further notice or hearing

3. The Debtor is hereby authorized and empowered, on an interim basis and in its sole discretion, pursuant to sections 105(a) and 363(c) of the Bankruptcy Code, to maintain and continue to use its existing Bank Accounts and Business Forms as defined in the Motion to the extent set forth herein.

---

[1] Capitalized terms used but not defined herein shall have the same meaning ascribed to them in the Motion.

(Page 3)
Debtor: PishPosh, Inc.
Case Numbers: 25-15424 (CMG)
Caption of Order: Interim Order Authorizing Debtor to Continue Using Existing Bank Accounts and Business Forms

---

4. Subject to paragraph 8, the Debtor is authorized, on an interim basis and in its sole discretion, to (i) designate, maintain, and continue to use, with the same account number, the Bank Accounts in existence on the Petition Date and identified in the Motion; (ii) use, in their present form, checks and other documents related to the Bank Accounts; and (iii) treat such Bank Accounts for all purposes as an account of the Debtor as a debtor-in-possession. The Debtor shall not make any material changes to the Cash Management System without providing notice within three (3) business days to the U.S. Trustee, and to counsel to any statutory committees appointed in this case.

5. The bank at which the Debtor maintains or controls its Bank Accounts is at JPMorgan Chase Bank ("Chase" or the "Bank"). The Bank is hereby prohibited from offsetting, affecting, or otherwise impeding the use, transfer of, or access to any funds of the Debtor, contained or deposited in the Bank Accounts, on or subsequent to the commencement of this chapter 11 case, on account or by reason of any Claim (as defined in Bankruptcy Code section 101(5)) of the Bank, at which the Debtor maintains Bank Accounts that arose before the commencement of this chapter 11 case.

6. Subject to paragraph 5, the Bank is hereby authorized to continue to service and administer the account as an account of the Debtor without interruption and in the usual and ordinary course, and to receive, process, honor, and pay checks and drafts drawn on, or electronic transfer requests made on, said account after the Petition Date by the holders or makers thereof, as the case may be.

4909-0922-5549, v. 1

(Page 4)
Debtor: PishPosh, Inc.
Case Numbers: 25-15424 (CMG)
Caption of Order: Interim Order Authorizing Debtor to Continue Using Existing Bank Accounts and Business Forms

---

7. Subject to any prohibitions contained in the Debtor's prepetition or post-petition financing agreements, the Debtor is hereby authorized to open any additional post-petition accounts with a bank or financial institution, and to close any existing account(s), as the Debtor may deem necessary and appropriate, and the bank(s) and financial institution(s) are authorized to honor the Debtor's request to open or close, as the case may be, such account(s) or additional account(s), provided however that the Debtor shall open any such new Bank Account at banks that have executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of New Jersey, or at such banks that are willing to immediately execute such an agreement. Notice of the closing or opening of any account(s) must be provided within fifteen (15) days to the Office of the United States Trustee and any statutory committee appointed in this case if the Debtor opens any new account(s) post-petition, the Office of the United States Trustee shall have sixty (60) days from such notice to review the new account(s) and raise any issues with respect thereto.

8. The Debtor is authorized to continue to use its existing business and correspondence forms and checks provided, however, the Debtor must display the designation "Debtor-in-Possession" on all checks and business forms. In addition, following the depletion of the Debtor's check stock and/or business form stock, the Debtor will obtain new check stock and/or business forms stock reflecting its status as debtor-in-possession. Further, within ten (10) days of entry of this Interim Order, the Debtor shall update any electronically produced checks to reflect its status as "Debtor in Possession" and to include the bankruptcy case number.

4909-0922-5549, v. 1

(Page 5)
Debtor:             PishPosh, Inc.
Case Numbers:       25-15424 (CMG)
Caption of Order:   Interim Order Authorizing Debtor to Continue Using Existing Bank Accounts and Business Forms

---

9. The Debtor is authorized to make disbursements from the Bank Account other than by check.

10. Subject to paragraph 5, effective *nunc pro tunc* to the Petition Date, the Bank is hereby authorized and directed to receive, process, honor, and pay prepetition and post-petition checks drawn on and electronic transfers authorized for payment by the Court. In so doing, the Bank may accept and honor all representations from the Debtor, which may be relied upon by the Bank without liability as to third parties, as to which checks, drafts, wires or transfers, should be received, honored, processed and paid; provided, however, if any such check, draft, wire or transfer is on account of a prepetition claim, the Bank shall only be authorized to receive, process, pay and honor such check, draft, wire, or transfer to the extent permitted by an Order of this Court.

11. The Office of the United States Trustee, and the Official Committee of Unsecured Creditors, if any, shall have sixty (60) days from entry of the within Order to review the Debtor's existing Bank Account and raise any issues respecting the Bank Account.

12. All disbursements shall be through the Bank Accounts, the debtor-in-possession account, and shall be accounted for on the monthly operating reports.

13. For bank(s) at which the Debtor holds bank account(s) that are party to a Uniform Depository agreement with the Office of the United States Trustee for the District of New Jersey, within fifteen (15) days of the date of entry of this Order, the Debtor shall (a) contact each bank(s), (b) provide the bank(s) with each of the Debtor's employer identification numbers, and (c) identify each of their bank account(s) held at such bank(s) as being held by a debtor-in-possession in a bankruptcy case, and provide the case number.

Case 25-15424-CMG    Doc 29    Filed 06/12/25    Entered 06/13/25 10:52:10    Desc Main
Document      Page 6 of 6

(Page 6)
Debtor: PishPosh, Inc.
Case Numbers: 25-15424 (CMG)
Caption of Order: Interim Order Authorizing Debtor to Continue Using Existing Bank Accounts and Business Forms

---

14. For bank(s) at which the Debtor holds bank account(s) that are not party to a Uniform Depository agreement with the Office of the United States Trustee for the District of New Jersey, the Debtor shall use its good-faith efforts to cause the bank(s) to execute a Uniform Depository agreement in a form prescribed by the Office of the United States Trustee within thirty (30) days of the date of this Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the bank(s) are unwilling to execute a Uniform Depository agreement in a form prescribed by the U.S. Trustee are fully reserved.

15. Nothing in this Interim Order authorizes the Debtor to accelerate any payments not otherwise due.

16. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

17. Any party may move for modification of this Interim Order in accordance with Local Rule 9013-5(e).

18. Notwithstanding Bankruptcy Rules 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

19. This Court retains jurisdiction with respect to all matters arising from or related to the interpretation, enforcement and implementation of this Interim Order.

20. The Debtor shall serve a copy of this Interim Order by first class mail upon the Bank set forth in the Motion within three (3) business days of the date hereof.